IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARVEY LUTHER TEEL, #1956147, | § § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:23-cv-01946-S (BT) |
| JUAN GARCIA, | § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Harvey Luther Teel, a state prisoner, initiated this civil action using the court-approved form for a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet (ECF No. 3); Am. Pet. (ECF No. 6). But due to the nature of his allegations, *see* Am. Pet. 7 (ECF No. 6) ("Counsel was ineffective" by failing to argue "he was NOT given Miranda Rights"); *id.* at 6 (his guilty plea was "coerced"); *id.* at 7 (claiming it is not feasible he engaged in the continuous sexual assault of a child due to his truck driving schedule); *id.* (arguing his sentence was "vexatious" and "excessive"); *id.* at 8 (as a remedy, he seeks to "return to court and receive a fair trial"), the Court construes his petition as one for a writ of habeas corpus under 28 U.S.C. § 2254. *See also Arreola-Amaya v. Fed. Bureau of Prisons*, 623 F. App'x 710, 710 (5th Cir. 2015) (per curiam) ("[A] challenge to the validity of a state conviction or sentence must be brought pursuant to 28 U.S.C. § 2254.") (citing *Felker v.*

1

*Turpin*, 518 U.S. 651, 662 (1996)). For the following reasons, the Court should transfer Teel's petition to the Fifth Circuit Court of Appeals as successive.

## I.

In 2013, a grand jury in Hunt County, Texas, returned an indictment charging Teel with four counts of aggravated assault of a child, three counts of indecency with a child, and one count of continuous sexual abuse of a child. Teel entered an open guilty plea on the continuous sexual abuse of a child charge, and the court sentenced him to 40 years' imprisonment. *State v. Teel*, No. 29,136 (196th Dist. Ct., Hunt Cnty., Aug. 14, 2014). The Court of Appeals for the Fifth District of Texas affirmed the trial court's judgment. *State v. Teel*, No. 06-14-00161-CR, 2015 WL 3918180, at *1 (Tex. App.— Texarkana, June 26, 2015, pet. ref'd). Thereafter, Teel filed a state application for a writ of habeas corpus, which the Texas Court of Criminal Appeals (CCA) denied without written order.

On May 26, 2017, Teel filed his first § 2254 petition in this Court. *See Teel v. Director TDCJ-CID*, Case Number 3:17-cv-1471-C-BK. The Court denied with prejudice Teel's request for habeas relief, denied a certificate of appealability (COA), and entered judgment on September 7, 2018.

In his current petition, Teel alleges: (1) he "was coerced into a state of fear" by "C.P.S." and "law enforcement," Am. Pet. 6-7 (ECF No. 6); (2) his attorney provided ineffective assistance of counsel by failing to argue that he

was not given *Miranda* warnings; (3) he should have been advised he had a right to legal counsel; (4) his incarceration at Hunt County Jail deprived him of the constitutional right to a law library and other fundamental constitutional rights; (5) he could not be guilty of the continuous sexual assault of a child due to his truck driving schedule, *id.* at 7; (6) his conviction is "improper and excessive," *id.*; (7) his sentence was "vexatious," "improper," and "excessive," *id.*; and (8) he was a victim of the "Lidford Law," *id.* at 10.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). To raise a claim in a second or successive § 2254 petition, a prisoner must show: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files a successive petition in the District Court, a three-judge panel of the Fifth Circuit must determine whether he makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

3

A petition is deemed successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise is an abuse of writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). However, a second petition is not successive when the first petition was dismissed due to prematurity or for lack of exhaustion. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). This is so because "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

The Court denied with prejudice Teel's first petition on September 7, 2018. This was an adjudication on the merits. Teel should have and could have raised his current claims in his first petition. *See In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). For example, Teel claims his sentence was "vexatious," "improper," and "excessive." Am. Pet. 7 (ECF No. 6). But Teel's sentence is not new evidence, and he fails to demonstrate that this claim was not available to him when he filed his first petition in May 2017. *See Hardemon*, 516 F.3d at 275. Indeed, Teel has not demonstrated that any of his claims were not available to him at that time.

In sum, Teel raises claims that could have and should have been addressed in his initial petition. Therefore, the pending petition is successive. The Fifth Circuit has not issued an order authorizing this Court to consider Teel's successive petition. Teel must obtain such an order before he may file another petition for habeas relief under § 2254.

III.

The Court should TRANSFER Teel's petition for a writ of habeas corpus to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SO RECOMMENDED**

Signed December 22, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)